# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 14, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| LISA AHERN, | * | |
| | * | |
| Petitioner, | * | No. 20-338V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Andrew Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Catherine Stolar*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 8, 2023, Lisa Ahern ("petitioner"), filed a Motion for Final Attorneys' Fees and Costs. Mot. for Final Attorneys' Fees and Costs ("Fees App.") (ECF No. 66). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award a total of **$42,677.52**.

### I.     Procedural History

Petitioner filed a petition for compensation on March 25, 2020 in the National Vaccine Injury Compensation Program, alleging that the influenza vaccine she received on October 17, 2017 caused her to develop adhesive capsulitis. Petition at Preamble (ECF No. 1).[2] On November 3,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2023, the parties filed a stipulation, agreeing to resolve the case. *See* Stipulation (ECF No. 61). I issued a Decision on the Stipulation the same day, awarding petitioner compensation. Decision on Stipulation (ECF No. 62).

Petitioner filed the instant Motion on November 8, 2023, along with the necessary supporting documentation. Fees. App.; Ex. A to Fees App. Respondent filed a response on November 14, 2023, stating that "respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't Resp. to Fees App. at 2 (ECF No. 67).

The matter is now ripe for adjudication.

## II.     Legal Standard

The Vaccine Act provides that "in awarding compensation on a petition filed under section 300aa-11…the special master…shall also award as part of such compensation an amount to cover (A) reasonable attorneys' fees, and (B) other costs, incurred in any proceeding on such petition." § 300aa-15(e)(1). In this case, I awarded compensation on the petition based upon the parties' stipulation. Thus, petitioner is also entitled to an award for reasonable attorneys' fees and other costs.

## III.     Analysis

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs." The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### a. Attorneys' Fees

Petitioner requests a total of $41,411.00 in attorneys' fees for work performed by her attorneys, Mr. Downing, Ms. Allison, and Ms. Jorgenson as well as for worked performed by paralegals. Though petitioner's motion does not specify the exact hourly rate for each year in which work was performed in this case, based on the billing records submitted, petitioner requests the following rates for work performed by Mr. Downing: $385 per hour for work performed from 2018 through 2021; $415 per hour for work performed in 2022; and $415 per hour for work performed in 2023. For Ms. Van Cott (now Ms. Jorgenson), petitioner requests $205 per hour for work performed in 2019; $275 per hour for work performed in 2020 and 2021; $325 per hour for work performed in 2022; and $345 per hour for work performed in 2023. For Ms. Allison, petitioner requests $415 per hour for work performed in 2023. Petitioner also requests $135 per hour for work performed by paralegals from 2018-2022 and $155 per hour for paralegal work performed in 2023. These rates are consistent with what the listed attorneys and paralegals have previously been awarded for work in the Vaccine Program and I find them to be reasonable for their work performed in the instant case.

Turning next to the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally,* Fees App. Ex. A. Respondent has also not identified any particular entries as objectionable. Therefore, petitioner is entitled to $41,411.00 in attorneys' fees.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Here, petitioner requests a total of $1,266.52 in costs. Fees App. at 3. This includes obtaining medical records, postage costs, photocopying, and costs related to legal research. Fees App. Ex. A at 30-31, 52. These costs are typical of those incurred in the Vaccine Program, and thus are reasonable. Therefore, petitioner is entitled to $1,266.52 in costs.

## IV. Conclusion

In accordance with the above, I hereby **GRANT** petitioner's motion for final attorneys' fees and costs. **Accordingly, I award the following:**

1) **A lump sum of $42,677.52 for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

    **IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).